IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TOMMY EARL JONES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| VS. | )     No. 14-2492-JDT-dkv |
| | ) |
| DONALD WILLIE, ET AL., | ) |
| | ) |
|    Defendants. | ) |

ORDER DENYING RECONSIDERATION, DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On June 23, 2014, Plaintiff Tommy Earl Jones, Tennessee Department of Correction ("TDOC") prisoner number 464968, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, accompanied by a motion seeking the appointment of counsel and a motion for an injunction. (ECF Nos. 1, 2 & 3.)  Plaintiff subsequently filed a motion for leave to proceed *in forma pauperis.* (ECF No. 4.)  On November 24, 2014, Plaintiff filed an amended complaint that appeared to be intended to supplement the original complaint.  (ECF No. 5.)  He filed a second motion for an injunction and a second motion for appointment of counsel on November 26, 2014.  (ECF Nos. 6 & 7.)

In an order issued on January 30, 2015, the Court, *inter alia,* granted leave to proceed *in forma pauperis,* assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b),[1] denied the motions for an injunction and for appointment of counsel, dismissed the complaint, as amended, for failure to state a claim, granted leave to file a second amended complaint and specified that any second amended complaint be filed within twenty-eight days. (ECF No. 8.) Plaintiff was cautioned that, if he "fails to file an amended complaint within the time specified, the Court will assess yet another strike pursuant to 28 U.S.C. § 1915(g) and will enter judgment." (*Id.* at 26.)

Plaintiff did not file an amended complaint within the time specified. Instead, on February 9, 2015, Plaintiff filed a document, titled "Memorandum" (ECF No. 10), in which he appears to argue that the dismissal of his complaint was erroneous in light of the Sixth Circuit's order in *Jones v. Cuddy*, No. 14-5087 (6th Cir. Sept. 5, 2014). In that case, the Sixth Circuit held that an allegation that a prison doctor refused to provide pain medication stated a claim under the Eighth Amendment. *Id.*, slip op. at 3. However, the present case is distinguishable from *Jones v. Cuddy*. In this case, the Court acknowledged that the complaint might assert a viable Eighth Amendment claim against Defendant Willie for discontinuing Plaintiff's pain medication but declined to order service of process because the only relief sought was a transfer to the Lois M. DeBerry Special Needs Facility. (ECF No.

---

[1] Although Plaintiff is a three-strike filer under 28 U.S.C. § 1915(g), the Court found the complaint arguably satisfied the "imminent danger" exception to that provision. Therefore, the Court granted pauper status, assessed the filing fee pursuant to § 1915(b) and screened the complaint in accordance with §§ 1915(e)(2)(B) and 1915A.

8 at 22-23.) Similar allegations in the amended complaint were brought only under Title II of the ADA, which is not a proper vehicle for raising claims of inadequate medical treatment. (*Id.* at 24.) Furthermore, to the extent Plaintiff's Memorandum can be construed as a motion for reconsideration, nothing in that filing persuades the Court that the prior order of dismissal was in error.

Because Plaintiff has failed to file an amended complaint, judgment will be entered in accordance with the January 30, 2015, order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the

installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the fourth dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE